IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL ACEVEDO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| LAKE COUNTY SHERIFF'S OFFICER | ) | SUPPLEMENTAL CLAIMS |
| MARTE, LAKE COUNTY SHERIFF'S | ) | |
| OFFICER SAPYTA, LAKE COUNTY | ) | **JURY DEMANDED** |
| SHERIFF'S OFFICER WILSON, LAKE | ) | |
| COUNTY SHERIFF MARK C. | ) | |
| CURRAN, and LAKE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Daniel Acevedo ("Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Lake County Sheriff's Officer Marte ("Marte") was employed by Lake County Sheriff's Office, and was acting under color of state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Lake County Sheriff's Officer Sapyta ("Sapyta") was employed by Lake County Sheriff's Office, and was acting under color of state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant Lake County Sheriff's Officer Wilson ("Wilson") was employed by the Lake County Sheriff's Office, and was acting under color of state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity.

(Defendants Marte, Sapyta and Wilson are referred to herein as the "Individual Defendants")

7. At all times herein mentioned, the Lake County Sheriff Mark C. Curran ("Sheriff Curran") was elected Sheriff of Lake County, and was responsible for the day to day operations of the Lake County Sheriff's Office. Sheriff Curran is being sued in his official capacity as the Lake County Sheriff, under the laws of the State of Illinois, and the United States.

8. At all times herein mentioned, Lake County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Lake County employee acting within the scope of his/her employment is found liable. Accordingly, Lake County is an indemnification party pursuant to this Complaint.

**FACTUAL ALLEGATIONS**

9. On or about October 15, 2015, Plaintiff was a prisoner incarcerated in Lake County Jail, located at 20 South County Street, in the City of Waukegan, Lake County, State of Illinois.

10. On that day and place, Defendant Marte used force against Plaintiff.

11. There was no legal cause for Defendant Marte to use force against Plaintiff.

2

12. After Defendant Marte used force upon the Plaintiff, Plaintiff sought medical treatment. Plaintiff was diagnosed with a broken nose and concussion, amongst other injuries.

13. On November 27, 2015, Plaintiff encountered Defendant Sapyta in Lake County Jail.

14. On that day and place, Defendant Sapyta used force against Plaintiff when he tased the Plaintiff.

15. There was no legal cause for Defendant Sapyta to use force against Plaintiff.

16. On December 7, 2015, Plaintiff encountered Defendant Wilson in Lake County Jail.

17. On that day and place, Defendant Wilson used force against Plaintiff when he used mace upon the Plaintiff.

18. There was no legal cause for Defendant Wilson to use force against Plaintiff.

19. As a result of Defendant Sapyta and Wilson's use of force against Plaintiff, Plaintiff had to seek medical treatment.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

21. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against the Individual Defendants for
### EXCESSIVE FORCE

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. The Defendants used excessive force against Plaintiff's person.

25. There was no legal cause for Defendants to use force against Plaintiff.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Lake County for
### INDEMNIFICATION

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-two (22) as though fully alleged at this place.

29. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Lake County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Lake County officer, such as the Lake County Sheriff and its deputies, acting within the scope of his/her employment is found liable.

30. The acts and/or omissions of the Defendants were committed within the scope of their employment.

31. In the event that a judgment for compensatory damages is entered against the Defendants, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT III
### Plaintiff against the Individual Defendants, and Sheriff Curran for the Supplemental State Law Claims of ASSAULT, BATTERY and WILLFUL AND WANTON CONDUCT

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

33. At all times relevant to this Complaint, the Individual Defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with Plaintiff.

34. In disregard of this duty, the Individual Defendants acted intentionally, and willfully and wantonly in doing the following:

   a) assaulting plaintiff;

   b) battering plaintiff; and

   c) intentionally causing the Plaintiff to suffer emotional distress.

35. Sheriff Curran, pursuant to the principle of *respondeat superior*, is responsible for the wrongful conduct of the Individual Defendants as alleged above.

36. All of the above was done without legal cause.

37. As a result of the foregoing, Plaintiff was injured as set forth above.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Lake County be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Lake County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com