IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| DANIEL ACEVEDO,<br>        Plaintiff,<br>v.<br>SEAN MARTE, JOHN SAPYTA, SCOTT WILSON, Sheriff MARK C. CURRAN, and the COUNTY OF LAKE,<br>        Defendants. | 16 CV 3479 |

## ANSWER AND AFFIRMATIVE DEFENSES BY <u>SAPYTA, WILSON, SHERIFF MARK C. CURRAN, & THE COUNTY OF LAKE</u>

Defendants Lake County Sheriff Mark C. Curran, Jr., John Sapyta, Scott Wilson, and the County of Lake, by Lake County State's Attorney Michael G. Nerheim and his assistants Stephen J. Rice and Kevin J. Berrill, answer the Plaintiff's *Complaint* (Doc #1) as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

    **Answer:** Admit.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

    **Answer:** Admit.

### PARTIES

3. At all times herein mentioned, Plaintiff Daniel Acevedo ("Plaintiff') was and is a citizen of the United States, and was within the jurisdiction of this court.

    **Answer:** The Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

4. At all times herein mentioned, Defendant Lake County Sheriffs Officer Marte ("Marte") was employed by Lake County Sheriff's Office, and was acting under color of

state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity.

**Answer:** Admit.

5. At all times herein mentioned, Defendant Lake County Sheriff's Officer Sapyta ("Sapyta") was employed by Lake County Sheriff's Office, and was acting under color of state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity.

**Answer:** Admit.

6. At all times herein mentioned, Defendant Lake County Sheriff's Officer Wilson ("Wilson") was employed by the Lake County Sheriff's Office, and was acting under color of state law and as the employee, agent, or representative of Lake County Sheriff's Office. This Defendant is being sued in his individual capacity. (Defendants Marte, Sapyta and Wilson are referred to herein as the "Individual Defendants").

**Answer:** Admit.

7. At all times herein mentioned, the Lake County Sheriff Mark C. Curran ("Sheriff Curran") was elected Sheriff of Lake County, and was responsible for the day to day operations of the Lake County Sheriff's Office. Sheriff Curran is being sued in his official capacity as the Lake County Sheriff, under the laws of the State of Illinois, and the United States.

**Answer:** Admit.

8. At all times herein mentioned, Lake County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Lake County employee acting within the scope of his/her employment is found liable. Accordingly, Lake County is an indemnification party pursuant to this Complaint.

**Answer:** Admit.

**FACTUAL ALLEGATIONS**

9. On or about October 15, 2015, Plaintiff was a prisoner incarcerated in Lake County Jail, located at 20 South County Street, in the City of Waukegan, Lake County, State of Illinois.

**Answer:** Admit.

10. On that day and place, Defendant Marte used force against Plaintiff.

**Answer:** Admit.

11. There was no legal cause for Defendant Marte to use force against Plaintiff.

>**Answer:** Deny.

12. After Defendant Marte used force upon the Plaintiff, Plaintiff sought medical treatment. Plaintiff was diagnosed with a broken nose and concussion, amongst other injuries.

>**Answer:** Admit that the Plaintiff received medical treatment, but deny all other allegations contained in ¶ 12.

13. On November 27, 2015, Plaintiff encountered Defendant Sapyta in Lake County Jail.

>**Answer:** Admit.

14. On that day and place, Defendant Sapyta used force against Plaintiff when he tased the Plaintiff.

>**Answer:** Admit.

15. There was no legal cause for Defendant Sapyta to use force against Plaintiff.

>**Answer:** Deny.

16. On December 7, 2015, Plaintiff encountered Defendant Wilson in Lake County Jail.

>**Answer:** Admit.

17. On that day and place, Defendant Wilson used force against Plaintiff when he used mace upon the Plaintiff.

>**Answer:** Admit.

18. There was no legal cause for Defendant Wilson to use force against Plaintiff.

>**Answer:** Deny.

19. As a result of Defendant Sapyta and Wilson's use of force against Plaintiff, Plaintiff had to seek medical treatment.

>**Answer:** The Defendants deny that medical treatment was strictly necessary, but admit that the Plaintiff was offered and accepted medical treatment after these two incidents.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff

sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

**Answer:** Deny.

21. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**Answer:** Deny.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**Answer:** Deny.

# COUNT I
### Plaintiff Against the Individual Defendants for
### EXCESSIVE FORCE

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

**Answer:** The Defendants similarly incorporate their answers to ¶¶ 1–22.

24. The Defendants used excessive force against Plaintiff's person.

**Answer:** Deny.

25. There was no legal cause for Defendants to use force against Plaintiff.

**Answer:** Deny.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**Answer:** Deny.

27. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or

4

Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

> **Answer:** Deny.

## COUNT II
### Plaintiff against Defendant Lake County for
### INDEMNIFICATION

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-two (22) as though fully alleged at this place.

> **Answer:** The Defendants similarly incorporate their answers to ¶¶ 1–22.

29. Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-6003, and 55 ILCS 5/5-1106, Lake County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Lake County officer, such as the Lake County Sheriff and its deputies, acting within the scope of his/her employment is found liable.

> **Answer:** Admit that, for the Lake County Sheriff and his employees who are acting within the scope of their employment, the County of Lake has a statutory duty to pay judgments for compensatory damages and all related attorneys' fees and costs.

30. The acts and/or omissions of the Defendants were committed within the scope of their employment.

> **Answer:** Admit.

31. In the event that a judgment for compensatory damages is entered against the Defendants, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

> **Answer:** Deny.

## COUNT III
### Plaintiff against the Individual Defendants, and Sheriff Curran for the
### Supplemental State Law Claims of ASSAULT, BATTERY and
### WILLFUL AND WANTON CONDUCT

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

> **Answer:** The Defendants similarly incorporate their answers to ¶¶ 1–22.

33. At all times relevant to this Complaint, the Individual Defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with Plaintiff.

> **Answer:** Deny.

34. In disregard of this duty, the Individual Defendants acted intentionally, and willfully and wantonly in doing the following:

   a) assaulting plaintiff;
   b) battering plaintiff; and
   c) intentionally causing the Plaintiff to suffer emotional distress.

> **Answer:** Deny ¶ 34 and all of its subparts.

35. Sheriff Curran, pursuant to the principle of *respondeat superior,* is responsible for the wrongful conduct of the Individual Defendants as alleged above.

> **Answer:** Deny.

36. All of the above was done without legal cause.

> **Answer:** Deny.

37. As a result of the foregoing, Plaintiff was injured as set forth above.

> **Answer:** Deny.

---

### **Affirmative Defense #1: Qualified Immunity as to the November 27 Incident**

1. On November 27, 2015, the Plaintiff repeatedly refused to follow the instructions being given to him by Defendant Sapyta and other corrections officers.

2. The instructions were necessary to ensure the safety and security of the Plaintiff, the corrections staff at the jail, and other inmates at the jail.

3. On that date, given the state of the law as it then existed, the law was not sufficiently clear that every reasonable official would have understood that using a taser to obtain the Plaintiff's compliance violated the Plaintiff's rights.

WHEREFORE, the Defendants ask that this Court find that they are immune from suit on the basis of qualified immunity, and pray for a judgment in their favor as against Plaintiffs and for the costs associated with the defense of this action.

**Affirmative Defense #2: Qualified Immunity as to the November 27 Incident**

1. On December 7, 2015, when the Plaintiff encountered Defendant Wilson in Lake County Jail, the Plaintiff repeatedly refused to follow the instructions being given to him by Defendant Wilson and other corrections officers.

2. The instructions were necessary to ensure the safety and security of the Plaintiff, the corrections staff at the jail, and other inmates at the jail.

3. On that date, given the state of the law as it then existed, the law was not sufficiently clear that every reasonable official would have understood that using oleoresin capsicum spray to obtain the Plaintiff's compliance violated the Plaintiff's rights.

WHEREFORE, the Defendants ask that the Court find that they are immune from suit on the basis of qualified immunity, and pray for a judgment in their favor as against Plaintiffs and for the costs associated with the defense of this action.

**Affirmative Defense #3 as to the State Law Claims:
Immunity under 745 ILCS 10/2-109**

1. Defendant County of Lake is a local public entity as defined in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-206.

2. The County is "not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

WHEREFORE, the County of Lake asks that the Court, enter a judgment in its favor if Sheriff's employees are found not liable to the Plaintiff, and for the costs associated with the defense of this action.

### Affirmative Defense #4 as to the State Law Claims:
### Immunity under 745 ILCS 10/2-302

The County of Lake and the Sheriff of Lake County are immune under 745 ILCS 10/2-102 from punitive or exemplary damages, and "no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages." 745 ILCS 10/2-302.

### Jury Demand

Under Fed. R. Civ. P. 38, the Defendants demand a trial by jury for all issues triable of right by a jury.

| | |
|---|---|
| Michael G. Nerheim<br>STATE'S ATTORNEY OF LAKE COUNTY<br>Stephen J. Rice (#6287192)<br>Kevin J. Berrill (#6285747)<br>Assistant State's Attorney<br>18 N. County St.—5th Floor<br>Waukegan, IL 60085<br>(847) 377-3050<br>srice@lakecountyil.gov | Respectfully submitted,<br>MICHAEL G. NERHEIM<br>State's Attorney of Lake County<br><br>By: /s/Stephen J. Rice<br>    Assistant State's Attorney |

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing *Answer and Affirmative Defenses* b*y Sapyta, Wilson, Sheriff Mark C. Curran, & the County of Lake* to be served through the CM/ECF system for the Northern District of Illinois to all parties of record, none of whom are appearing pro se, on May 20, 2016.

/s/Stephen J. Rice
    STEPHEN J. RICE